# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA NORTHWESTERN DIVISION

| | |
|---|---|
| **SHEKIRA ARMSTEAD** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.: _____ |
| ) | |
| **JAY SHREE UMIYA, INC. D/B/A** ) | |
| **JACKSON MARKET, FUEL** ) | |
| **CITY and JACKSON EXPRESS;** ) | |
| **NITINKUMAR PATEL,** ) | |
| **individually** ) | **JURY DEMAND** |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

COMES NOW Plaintiff, Shekira Armstead (hereinafter "Armstead" or "Plaintiff"), and files this action against Defendants, Jay Shree Umiya, Inc d/b/a Jackson Market, Fuel City and Jackson Express (hereinafter "JSU") and Nitinkumar Patel, individually (hereinafter "Patel"), collectively referred to as "Defendants," and seeks to recover for Defendants' violations of the Fair Labor Standards act of 1938 (FLSA), 29 U.S.C. §§ 201 et seq., and hereby states and alleges as follows:

## NATURE OF SUIT

1.  The FLSA was passed by Congress in 1938. The principal Congressional

1

purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2. Plaintiff brings this action under the FLSA to recover from Defendants for their failure to pay her the federal statutory minimum wage of $7.25, overtime compensation for all hours she worked in excess of forty (40) hours per week, liquidated damages and reasonable attorneys' fees and costs.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

4. Jurisdiction in this Court is proper as the claims are brought pursuant to

the FLSA, as amended, 29 U.S.C. § 201, et seq., to recover unpaid statutory wages, overtime compensation, an additional equal amount as liquidated damages and reasonable attorneys' fees and costs.

5. Defendants are subject to personal jurisdiction in this district as they regularly do business in the State of Alabama through their business, including the one where Plaintiff was employed. At all times relevant to this case, Defendants were and have been an enterprise engaged in commerce as defined by §203(s)(1) of the Act.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims, occurred in and around Colbert County, Alabama.

## PARTIES

7. Plaintiff, Shekira Armstead, was an hourly, non-exempt, overnight cashier who was employed by Defendants at their twenty-four (24) hour gas station and convenience store located at 1300 S. Jackson Highway, Sheffield, AL 35660.

8. Plaintiff Armstead currently resides in Florence, Alabama, and is over the age of nineteen (19).

9. Plaintiff submits her written consent to become a party plaintiff to this lawsuit pursuant to 29 U.S.C. §216(b). (Exhibit 1: Armstead signed FLSA consent).

10. Defendant Jay Shree Umiya, Inc d/b/a Jackson Market, Fuel City and Jackson Express (hereinafter "JSU"), is a corporation that operates and conducts business in and around Colbert County, Alabama. Its business address is located at 1300 S. Jackson Highway, Sheffield, Alabama 35660.

11. Defendant Nitinkumar Patel is an individual who, upon information and belief, lives and resides in the State of Alabama, and conducts business in Colbert County, Alabama as the president of JSU.

12. At all times relevant to this action, Nitinkumar Patel is an individual resident of the State of Alabama, who owns and operates Defendant JSU, and who regularly exercises the authority to: (a) hire and fire employees of JSU; (b) determines the work schedules for the employees of JSU; and (c) controls the finances and operations of JSU; and, by virtue of having regularly exercised that authority on behalf of JSU. Defendant Patel is an employer as defined by 29 U.S.C. §201, et seq.

13. At all material times hereto, Plaintiff was employed by Defendants in Colbert County, Alabama, from March 1, 2016 until September 15, 2018.

**DEFENDANTS' VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**

14. This action is brought pursuant to the FLSA, 29 U.S.C. §201 et seq. and specifically for equitable and injunctive relief and to remedy Defendants' violations of the wage provisions of the FLSA which deprived Plaintiff of her lawful minimum

wage, as well as all of her overtime wages for hours she worked for Defendants in excess of forty (40) hours per workweek.

15. Defendants have had a uniform policy and practice of consistently requiring its non-exempt employees to work below minimum wage for all hours worked at an average rage of $6.50 per hour.

16. Defendants have had a uniform policy and practice of consistently requiring its non-exempt employees to work over forty (40) hours per week without compensating employees like Plaintiff for any hours worked over forty (40) during each workweek.

17. Defendants have had a uniform policy and practice of consistently not compensating employees for hours employees were suffered or permitted to work in excess of forty (40) hours per week.

18. At all material times hereto from March 1, 2016 until September 15, 2018, Plaintiff was an "employee" within the meaning of the FLSA.

19. At all material times, Defendants were the "employer" as defined by Section 203(d) of the FLSA.

20. At all material times, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA as a cashier at a twenty-four-hour (24) gas station and convenience store owned and operated by Defendants.

21. At all material times, Plaintiff was a covered employee under the FLSA because her work for Defendants affected interstate commerce on a daily basis as a cashier by taking payments from Defendants' customers who were in- and out-of-state, or who processed payments and transaction that came from out of state banks, credit card issuers, and store suppliers.

22. At all material times, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

23. As stated herein, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

24. At all material times, Defendants employed two (2) or more employees that were engaged in interstate commerce. At all relevant times, Defendants' enterprise has had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as lines of credit, food sales, fuel sales, and transportation goods, etc.

25. At all material times, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

    a. Operated instrumentalities of commerce;

    b. Transported goods in commerce;

    c. Used channels of commerce;

      d.      Communicated across state lines; and/or

      e.      Performed work essential to any of the preceding activities.

26.    The work performed by Plaintiff was directly essential to the operations performed by Defendants and Defendants' strategy.

27.    Plaintiff was paid a flat hourly rate below the federal minimum wage of $7.25. Plaintiff was not paid any overtime compensation despite the fact that she worked well over the required forty (40) hours a week to entitle her to overtime pay at time and one-half for all hours worked over forty (40) hours each week.

28.    At all material times hereto, Defendants intentionally failed and/or refused to pay Plaintiff according to the provisions of the FLSA.

29.    In doing so, Defendants failed to make a good faith effort to comply with FLSA and 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff the minimum statutory wage rate of $7.25 per hour.

30.    Defendants failed to make a good faith effort to comply with FLSA and 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

31.    Plaintiff was closely monitored and supervised by Defendants.

## **FACTUAL ALLEGATIONS**

32. Plaintiff, Shekira Armstead, worked for Defendants from approximately March 1, 2016 until September 15, 2018.

33. Plaintiff was paid on an hourly basis and her regular rate of pay was $6.50 per hour, instead of the federal minimum wage of $7.25 per hour.

34. Defendants are a privately owned twenty-four (24) hour gas station and convenience store headquartered in Colbert County, Alabama, that provides gas and food services to interstate and intrastate customers.

35. Defendants earned at or above Five Hundred Thousand and 00/100 Dollars ($500,000.00) in annual gross sales or business during the relevant time period subject to Plaintiff's Complaint.

36. Plaintiff was required to report to her time and hours by paper, whereby Defendants would pay her in cash on a biweekly basis.

39. Plaintiff routinely averaged 50-60 hours per workweek; however, she was not compensated at a rate of time and one-half for those overtime work hours, nor was she paid the federal minimum wage for all the hours she worked.

37. For the majority of her employment, Defendants paid Plaintiff a biweekly maximum rate of $520.00 ($260.00 per week), despite the fact Plaintiff routinely worked between 50-60 hours per week as Defendants' overnight cashier.

38. Under Defendants' "methods of recording time," Plaintiff was paid an average of $6.50 per hour for every hour worked, up to forty (40) hours per week from March 2016 until September 15, 2018.

39. Defendants never paid Plaintiff the statutory minium wage of $7.25 per hour and they purported to classify Plaintiff as an exempt employee for FLSA purposes.

40. Defendants had actual or constructive knowledge of Plaintiff's on-the-clock activities, as well as their failure to comply with the FLSA.

41. As a result, Plaintiff was not paid minimum wage and she was not compensated for all the hours she worked over forty (40) during a given workweek and, as a result, was not compensated time.

42. Upon information and belief, Plaintiff typically worked approximately fifty (50) to sixty (60) hours per week.

43. Rather than pay Plaintiff the federal minimum wage of $7.25 per hour or overtime compensation at a rate of time and one-half for her overtime work hours, Defendants implemented and maintained a policy whereby they only paid Plaintiff for forty (40) hours of work a rate of pay of $6.50 per hour for the majority of her employment.

44. Plaintiff was not fully compensated for hours she worked under forty

9

(40) in a given workweek at the federal minimum wage rate of $7.25 per hour.

45. As such, Plaintiff is owed an average $.75 per every hour she worked under forty (40) during each workweek.

46. Based off the federal minimum wage of $7.25 per hour, Plaintiff is further owed time and a half at the rate of $10.88 for each overtime hour she worked over forty (40) hours during the given work week

47. Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiff the federal minimum wage.

48. Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff.

49. Defendants knowingly and willfully failed to fulfill their record keeping requirements with regard to Plaintiff under 29 C.F.R. 516.

50. Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, et seq., (c) Department of Labor Wage & Hour Opinion Letters, or (d) the Code of Federal Regulations.

## COUNT I
**Violation of the Fair Labor Standards Act of 1938**
**(Brought Against All Defendants)**

51. At all material times, Defendants paid Plaintiff an average hourly rate $6.50 per hour instead the federal minimum wage ($7.25 per hour).

52. From March 2016 until September 15, 2018, Plaintiff suffered and was permitted to work for Defendants in excess of forty (40) hours per workweek for which Plaintiff was not compensated.

53. Plaintiff was, and is, entitled to be paid time and one-half the minimum wage rate of pay ($7.25) for all the hours she worked in excess of forty (40) hours in a workweek.

54. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

55. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to pay Plaintiff minimum wage, as well as their failure to lawfully compensate Plaintiff at the statutory base pay and overtime pay rates, when they knew, or should have known, such was, and is, due.

56. Defendants failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

57. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages and lost compensation for unpaid wages, lost compensation for all

time worked over forty (40) hours per week, plus liquidated damages.

58.  Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

59.  At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4 with respect to Plaintiff by virtue of the management policy, plan or decision that intentionally deprived Plaintiff her minimum wage ($7.25 per hour) as well as deprived her compensation for her overtime hours at the rate of time-and-a-half ($10.88 per over-time hour).

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the minimum and maximum hour provisions of the FLSA;

b.  Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek calculated at the rate of time and half from the minimum wage rate of $7.25 per hour;

c.  Awarding Plaintiff $.75 for each hour she worked under forty (40)

during each workweek due to Defendants' failure to pay her minimum wage;

c. Awarding Plaintiff liquidated damages in an amount equal to the award;

d. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Ordering any other further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

**Dated, this the 1st of May, 2019.**

RESPECTFULLY SUBMITTED,

s/ Daniel Patrick Evans
Daniel Patrick Evans
ASB-3209-R67G
Attorney for the Plaintiff
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: dpevans@evanslawpc.com

s/ *Maurine Cambria Evans*
Maurine Cambria Evans
(ASB-4168-P16T)

Attorney for the Plaintiff
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: mevans@evanslawpc.com

**Plaintiff's address:**

c/o The Evans Law Firm, P.C.

**Defendants' Addresses:**

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

**JAY SHREE UMIYA, INC
D/B/A JACKSON MARKET,
FUEL CITY and JACKSON EXPRESS
Serve: Nitinkumar Patel, Registered Agent
2109 Virginia Avenue
Muscle Shoals, AL 35661**

**NITINKUMAR PATEL**
2109 Virginia  Avenue
Muscle Shoals, AL 35661

<span style="color:red">EXHIBIT A</span>

## CONSENT TO BECOME PARTY PLAINTIFF
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

Pursuant to 26 §216(b) I submit my written consent to become a party plaintiff vindicate and obtain the liability owed to me under the Fair Labor Standards Act Lawsuit.

Print Name: __Shekira__ (First Name)  __Amena__ (Middle Name)  __Armstead__ (Last Name)

Signature: __Shekira Armstead__

Mailing Address: __220 W. Mattielou St.__
(Street)  (House/Apartment Number *if applicable*)

__Florence__ (City)  __Al.__ (State)  __35630__

E-Mail Address: __Kiraarmstead@gmail.com__

Home Phone: __(256) 668-0835__

Mobile Phone: __(256) 980-8198__

Emergency Contact Name: __Rodregues Lewis__

Emergency Contact Number: __(256) 980-5456__