FILED

2019 Jun-11  PM 04:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRCT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | |
|---|---|
| SHEKIRA ARMSTEAD, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | )    **Case no.: 3:19-cv-00658-CLS** |
| JAY SHREE UMIYA, INC. d/b/a | ) |
| JACKSON MARKET, FUEL | ) |
| CITY, and JACKSON EXPRESS | ) |
| and NITINKUMAR PATEL, | ) |
| | ) |
|     Defendants. | ) |

## ANSWER

Defendants Jay Shree Umiya, Inc. d/b/a Jackson Market, Fuel City, and Jackson Express (the "Company") and Nitinkumar Patel ("Patel" and collectively with the Company, "Defendants") answer the Complaint of Plaintiff Shekira Armstead ("Plaintiff") as follows:

## NATURE OF SUIT

1.     This paragraph states multiple legal conclusions to which no response from Defendants is required.

2.     Denied.

## JURISDICTION AND VENUE

3.     Admitted.

4.      Admitted.

5.      Defendants admit they are subject to the Court's personal jurisdiction. Defendants deny the remaining allegations of this paragraph.

6.      Admitted.

## PARTIES

7.      Defendants admit Plaintiff was an employee of the Company, which is a gas station and convenience store located at 1300 South Jackson Highway in Sheffield, Alabama.  Defendants deny the allegation that Plaintiff was an employee of Patel.  Defendants deny the legal conclusions stated in this paragraph.

8.      Defendants have insufficient information to admit or deny the allegations of this paragraph.

9.      Defendants have insufficient information to admit or deny the allegations of this paragraph.

10.     Admitted.

11.     Admitted.

12.     Denied.

13.     Defendants admit that Plaintiff was an employee of the Company from March 1, 2016 until September 15, 2018.  Defendants deny that Plaintiff has ever been an employee of Patel.

## <u>DEENDANTS' [ALLEGED] VIOLATIONS OF THE FAIR LABOR STANDARDS ACT</u>

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

19.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

20.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

21.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

22.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

23.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

24.    This paragraph states a legal conclusion rather than a factual allegation, which Defendants deny.

25.     This paragraph and each of its subparts state a legal conclusion rather than a factual allegation, which Defendants deny.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

## FACTUAL ALLEGATIONS

32.     Defendants admit that Plaintiff worked for the Company from approximately March 1, 2016 until September 15, 2018.   Defendants deny the remaining allegations of this paragraph.

33.     Denied.

34.     Defendants admit that the Company is a privately-owned 24-hour gas station and convenience store located in Colbert County, Alabama.   Defendants deny the remaining allegations of this paragraph.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.    Denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Denied.

49.    Denied.

50.    Denied.


## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### (Brought Against All Defendants)

51.    Denied.

52.    Denied.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.   Denied.

58.   Denied.

59.   Denied.

WHEREFORE, Defendants deny Plaintiff is entitled to the relief requested or otherwise.

## DEMAND FOR JURY TRIAL

This paragraph requires no response from Defendants.

## AFFIRMATIVE DEFENSES

Defendants plead the following affirmative defenses without assuming the burden of proof where it otherwise lies with Plaintiff:

1.   Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

2.   Defendants aver that Plaintiff has failed to state a claim upon which relief may be granted.

3.   Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

4.   Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

5.     Plaintiff's claims are barred, in whole or in part, by the doctrine of claim preclusion and/or issue preclusion.

6.     Defendants at all times acted in good faith in regard to the classification and payment of Plaintiff, and Defendants reasonably believed their actions complied with the law.

7.     Plaintiff's claims are barred by the state of limitations to the extent Plaintiff seeks alleged back pay for a period of time going back more than two years.

8.     Plaintiff cannot meet her burden of proof with respect to each and every element of the cause of action alleged in her Complaint.

9.     Defendants reserve the right to amend this Answer, to amend the affirmative defenses contained herein, and to assert any additional affirmative defenses.

Respectfully submitted this the 11th day of June, 2019.


/s/ Cason M. Kirby
Cason M. Kirby
Counsel for Defendants

**OF COUNSEL:**
CAMPBELL PARTNERS, LLC
Cason M. Kirby
505 20th Street North
Suite 1600
Birmingham, AL 35203
Tel.:  (205) 224-0752
Fax:  (205) 383-2672

cason@campbellpartnerslaw.com

                                    */s/ M. Chad Smith (with permission)*
                                    M. Chad Smith
                                    Counsel for Defendants

**OF COUNSEL:**
Law Office of M. Chad Smith P.C.
M. Chad Smith
109 West Second Street
Tuscumbia, AL 35674
Tel.:  (256) 383-7421
Fax:  (888) 246-3387
smith067@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 11th day of June, 2019, I filed the foregoing with the clerk of the court through the CM/ECF system, which will serve all counsel of record:

THE EVANS LAW FIRM, P.C.
Daniel Patrick Evans
Maurine Cambria Evans
1736 Oxmoor Road
Suite 101
Birmingham, AL 35209
dpevans@evanslawpc.com
mevans@evanslawpc.com

*/s/ Cason M. Kirby*
Of Counsel
