UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **SHEKIRA ARMSTEAD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. 3:19-CV-00658-CLS** |
| ) | |
| **JAY SHREE UMIYA, INC. d/b/a** ) | |
| **JACKSON MARKET, FUEL** ) | |
| **CITY, and JACKSON EXPRESS;** ) | |
| **and NITINKUMAR PATEL,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION AND ORDER

This action, filed under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), is before the court on the parties' "Joint Motion for Approval of Settlement Through Entry of a Stipulated Judgment" asking this court to approve their proposed settlement agreement and to dismiss all claims with prejudice. Doc. no. 41. Upon consideration, the motion is granted, and the parties' proposed settlement is approved for the reasons stated herein.

### I.  LEGAL STANDARDS

The FLSA was enacted to protect workers from substandard wages and oppressive working hours. *See Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 739 (1981). In recognition of the fact that there often are great disparities

between the bargaining power of employers and employees, Congress made the FLSA's provisions mandatory. Generally, therefore, FLSA rights are not subject to bargaining, negotiation, waiver, or modification by contract or settlement agreements between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945); *see also Barrentine*, 450 U.S. at 740 ("FLSA rights cannot be abridged by contract or otherwise waived because this would nullify the purposes of the statute and thwart the legislative policies it was designed to effectuate.") (citations and internal quotation marks omitted).

There are two exceptions to the general rule that back wage claims arising under the FLSA cannot be settled or compromised by employees. The first arises when the Secretary of the United States Department of Labor supervises the payment of unpaid wages to employees pursuant to the authority granted by 29 U.S.C. § 216(c). *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Employees who accept such payments waive their rights to bring suits to recover unpaid wages and liquidated damages, provided the employer pays the back wages owed in full. As the Eleventh Circuit observed in *Lynn's Food Stores*, the "waiver provision found in 216(c) was intended to create an incentive for employers to voluntarily accept settlements supervised by the Department of Labor." *Id.* at 1353 n.6 (citing *Sneed v. Sneed's Shipbuilding, Inc.*, 545 F.2d 537, 539 (5th Cir. 1977)).

> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment *after scrutinizing the settlement for fairness*.

*Id.* (emphasis supplied (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946); *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947)) (footnotes omitted). The Eleventh Circuit observed that settlements are permissible in this context because

> initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354 (alteration supplied).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Shekira Armstead filed this action against her former employer Jay Shree Umiya, Inc., doing business as Jackson Market, Fuel City, and Jackson Express, as well as the business's owner, Nitinkumar Patel, for violations of the Fair

3

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* She alleged that defendants failed to pay her minimum wage for all hours worked and failed to pay her time-and-a-half wages for all overtime hours worked. Plaintiff sought to recover her unpaid wages.

Plaintiff filed a motion for partial summary judgment on the issue of liability on August 31, 2020.[1] This court entered a memorandum opinion and order on March 22, 2021, granting plaintiff's motion for partial summary judgment, finding defendants liable to pay the unpaid minimum wages and overtime compensation, and granting plaintiff leave to prove the amount of damages.[2] The court further ordered the parties to attempt to resolve the controversy through mediation.[3]

A conference was conducted on May 26, 2021, following which the parties were afforded an additional 90 days to conduct discovery on the issue of damages, *i.e.*, until August 24, 2021. In the meantime, the parties settled the action, and, on September 22, 2021, submitted a joint motion for approval of settlement through entry of a stipulated judgment.[4]

The proposed settlement requires defendants to pay plaintiff $9,658.30 to

---

[1] Doc. no. 19.

[2] Doc. no. 35 (Memorandum Opinion and Order), at 16.

[3] *Id.* at 17.

[4] Doc. no. 41.

compensate her for wages earned during the period that plaintiff worked for defendants, $9,658.30 in liquidated damages, $13,184.40 in attorneys' fees and costs and $2,500.00 in costs paid to the mediator, Mr. William T. Mills. The parties represent that the amount owed to plaintiff was determined prior to their negotiation of attorneys' fees and costs,[5] in accordance with *Lynn Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).

### III. DISCUSSION

Any compromise must resolve a "bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. A settlement must also be fair and reasonable. To evaluate whether a settlement agreement is fair and reasonable, the court will consider:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Leverso v. SouthTrust Bank of Alabama, National Association*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Having considered these factors alongside the court's previous order holding the defendants liable to pay plaintiff a minimum wage and overtime compensation, the court finds that the settlement agreement is a fair and reasonable

---

[5] *Id.* at 3.

resolution of the parties' *bona fide* disputes.

## IV.  CONCLUSION

Upon careful consideration of the record and the parties' settlement agreement, the court is satisfied that it is a fair and reasonable resolution plaintiff's individual claims.  Accordingly, the "Joint Motion for Approval of Settlement Through Entry of a Stipulated Judgment" is GRANTED, and the proposed settlement is approved. It is ORDERED, ADJUDGED, and DECREED that this case be, and the same hereby is, DISMISSED with prejudice, but provided that if the terms of the settlement are not fully consummated within a reasonable time, not to exceed 30 days from this date, the court will entertain a petition to reinstate this action, and such reinstatement shall relate back to the original date of filing.  Costs are taxed as paid, and the Clerk is directed to close this file.

**DONE** and **ORDERED** this 19th day of October, 2021.

_____
Senior United States District Judge